UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE OWENS,

      Petitioner,

v.                                      Case 99-CV-75921

WAYNE STINE,                    Honorable Patrick J. Duggan

      Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 18, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

In an Order dated December 19, 2000, this Court dismissed Petitioner Eddie Owens's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice because Petitioner failed to comply with the one year limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). On January 9, 2001, this Court denied Petitioner's Motion for Reconsideration. Presently before the Court are the following motions, filed on March 27, 2006: (1) Petitioner's Motion for Relief from Judgment Pursuant to FED. R. CIV. P. 60(b); (2) Petitioner's Motion for the Authentication of the State Court November 28, 1990 Sentencing Transcript; and (3) Petitioner's Motion

for an Evidentiary Hearing.  For the reasons set forth below, Petitioner's motions shall be denied.

>Rule 60(b) provides, in pertinent part:
>
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, ***and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered*** or taken. . . .

FED. R. CIV. P. 60(b) (emphasis added).

First, Petitioner contends that subsection (2) applies because he has newly discovered evidence.  According to Petitioner, his sentencing transcript of November 28, 1990 is not currently available and was not available to this Court when it issued its Opinion and Order of December 19, 2000.  Petitioner contends that he "has just discovered on January 16, 2006, and by due diligence the new evidence could not have been discovered earlier. . . that lack of access to one's legal papers may constitute an extraordinary circumstance that would warrant equitable tolling" of a limitations period.  (Mot. at 4).  However, the fact that Petitioner just learned of a new legal argument in support of tolling a limitations period is not the type of "newly discovered evidence" contemplated by subsection (2).  Moreover, the time for filing a motion for

reconsideration pursuant to subsections (1), (2), and (3) has passed. *Id.*

Second, Petitioner contends that since this Court's Order of December 19, 2000, there has been an intervening change in controlling law under the U.S. Supreme Court's recent decision in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807 (2005). Because Petitioner does not allege any facts which would support a motion under subsections (4) or (5), the Court will apply subsection (6) to Petitioner's motion. A district court should grant relief from operation of a judgment under Rule 60(b)(6) when it determines in its sound discretion that substantial justice would be served. *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). Such relief, however, should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b)." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Petitioner does not identify the existence of any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). In *Pace*, the Supreme Court held that the petitioner's state post-conviction petition, which was rejected by the state court as untimely under the state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA. *Pace*, 125 S. Ct. at 1814. In addition, the Supreme Court found that the petitioner had failed to establish that he was entitled to equitable tolling. *Id.* at 1815.

Even assuming *arguendo* that Petitioner could establish that the holdings in *Pace* are retroactively applicable to his habeas petition, the Court does not believe that these holdings help Petitioner. In this case, the Court found:

> Although 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state postconviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, . . . Petitioner's postconviction motion was filed over six months after the one year grace period for filing the petition for writ of habeas corpus had ended. Petitioner's motion for postconviction relief would not extend the AEDPA's one year limitations period because his state motion was filed after the AEDPA's limitations period had expired . . . . A state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

(Dec. 19, 2000 Op. & Or. at 4 (citations omitted)). In addition, the Court found that equitable tolling was not appropriate because Petitioner had failed to proffer an adequate basis for equitable tolling. (*Id.* at 5). Therefore, this Court's analysis and holdings are consistent with the Supreme Court's analysis and holdings in *Pace*.

Finally, Petitioner contends that relief from judgment is warranted because Petitioner was deprived of his 6th Amendment right to effective assistance of counsel at his November 28, 1990 Sentence. However, this is not an "extraordinary circumstance" entitling him to relief under Rule 60(b)(6) and Petitioner does not explain how the alleged ineffective assistance of counsel during Petitioner's sentencing entitles him to relief from this Court's Order of December 19, 2000, dismissing his habeas petition as untimely.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for the Authentication of the State Court November 28, 1990 Sentencing Transcript is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary Hearing

4

is **DENIED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

Eddie Owens
# 231437
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

William C. Campbell, Esq.

5